[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
NATURE OF THE CASE
The parties were divorced in New York on April 5, 1985. A separation agreement was entered into at that time. The defendant had sought a modification of the support provisions of the agreement pursuant to this language:
 "In the event that either party shall experience a material change in financial circumstances, he CT Page 3523 or she shall have the right to make application to a court of competent jurisdiction for such other and different support provisions than those set forth in this agreement. . . ."
The New York court refused to entertain the defendant's modification request but the defendant proceeded to reduce his payments. The plaintiff then brought this action, seeking to enforce the terms of the separation agreement.
In the course of pretrial discovery, the plaintiff disclosed her social security benefits, prompting the defendant to claim he had been overpaying for spousal maintenance. This came about because of the following language in the separation agreement:
 "As, if and when the Wife becomes entitled to receive Social Security Retirement Benefits, she hereby agrees to make prompt application for such benefits, and upon her receipt of such benefits she shall inform the Husband of such and Husband shall then be entitled to a dollar for dollar reduction in the Support payments which he is obliged hereunder to pay to the Wife (such reduction being equal to the amount of such Social Security Benefits actually received by the Wife). All reductions in Wife's weekly support payments from Husband shall be pro rata on a weekly basis." (Emphasis added).
The parties disagree as to the amount of the "reduction" to which the defendant was and is entitled, and the plaintiff further claims that all past reductions should be barred by laches and estoppel.
ISSUES
 I
The seeds of this dispute were planted in 1990 when the plaintiff applied for social security benefits. Her total award consisted of a sum attributable to her own account and a sum payable to her as the spouse of the defendant. The plaintiff was also obligated to pay a medicare premium, and since she was a social security recipient, that premium was withheld from her CT Page 3524 social security benefits.
The defendant then continued to make payments under the agreement, reducing them by what the plaintiff told him were her social security benefits. Actually, she understated those benefits, reporting to the defendant only that amount paid to his "as a wife." Thus, that portion of the total benefit derived from the plaintiff's own account and the withholdings by social security for medicare premiums were omitted.
The plaintiff argues that the defendant should receive a reduction only for that portion of the plaintiff's benefits attributable to her "as a wife." Thus, the benefits paid to her on her own account would be excluded and so would her medicare premiums.
The plaintiff argues about ambiguity in the agreement, the "understanding of the parties," and what she perceives to be an illogical and inequitable construction.
The Court's reading of the agreement compels the conclusion that its meaning is clear and incapable of any other construction than that argued by the defendant. It is basis contract law that the rules of construction are to be applied only to interpret language of ambiguous or doubtful meaning. (Citations omitted). The Court does not find this language ambiguous or doubtful.
As for the argument that the medicare premiums withheld should be excluded as well, the Court finds this contrary to the simple clear language of the agreement as well. The medicare premiums are an obligation of the plaintiff for a benefit entirely separate from the social security award. The social security administration chooses to withhold the premium rather than bill beneficiaries — probably a more efficient method also insuring payment. But, had the process been to bill and not withhold, I doubt if the plaintiff would be arguing for an exclusion from the defendant's reduction under the agreement.
 II
The plaintiff also argues that the defendant is precluded from asserting any claim for past overpayments for laches and waiver.
Waiver is an intentional relinquishment of a known right, CT Page 3525 express or implied, by such actions or failures as demonstrate an intent to relinquish. (Citations omitted). In this case, the defendant accepted the figures provided to him by the plaintiff. The plaintiff now suggests that having misrepresented the figures to the defendant (whether intentionally or otherwise), he should be punished for believing her. Having been misled in this fashion, it would be ludicrous to find he had knowingly waived his right.
These same considerations mitigate in favor of the defendant and against the plaintiff on the claim of laches. For, even when the defendant sought information from the social security administration, he was denied data as to the plaintiff's own account.
The plaintiff cities several cases for the general proposition that laches may bar recovery of sums paid where there is an unreasonable delay in the assertion of a claim. The Court is not willing to find this delay "unreasonable" under these circumstances.
The plaintiff applied for benefits in October of 1990, and first advised the defendant of his liability in February of 1991. Because of the plaintiff's misrepresentation and the defendant's inability to secure data from social security, this law suit first enabled him to obtain the total figures. This suit was filed in court in October of 1993, so that less then three years elapsed from the beginning of the payments to the disclosure by the plaintiff.
In view of the reasons for the alleged delay and the length of it, the Court does not find laches applicable to the defendant's claims for relief on his overpayments.
 III
In view of the Court's conclusions on the issues discussed above, the plaintiff's prayer for counsel fees is denied.
 IV
The Court has examined the financial computations submitted by the parties to illustrate their claims as to amounts paid and received. The plaintiff's submissions do not contemplate the decisions reached by the Court. The defendant's computation CT Page 3526 appears to be correct. Unless the parties can agree on a computation, and so advise the Court, either party may request a hearing, before which their respective computations will be reviewed by the Court.
 V
Subject to a determination of whether, pursuant to the Court's decision, the plaintiff has money coming or the defendant owes money, the Court may issue a supplemental judgment dealing with the counterclaim of the defendant and the plaintiff's claim for counsel fees. On the basis of what is before it, counsel fees are not warranted.
Anthony V. DeMayo State Trial Referee